**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG**

**EMMANUEL JONES,**

      **Plaintiff,**

v.                                 **CIVIL ACTION NO.: 1:23-CV-102
                                        (JUDGE KLEEH)**

**STATE OF WEST VIRGINIA,**

      **Defendant.**

**REPORT AND RECOMMENDATION, AFTER INITIAL SCREENING,
RECOMMENDING THAT COMPLAINT [ECF NO. 1] BE DISMISSED WITHOUT
PREJUDICE AND THAT MATTERS BE REMANDED TO STATE COURT**

On December 15, 2023, *pro se* Plaintiff Emmanuel Jones ("Plaintiff") filed a pleading styled as a purported removal of state court actions and which the undersigned construes, at least in part, as a Complaint by which Plaintiff seeks to litigate civil claims. [ECF No. 1]. Having screened Plaintiff's claims lodged therein in accordance with the provisions of 28 U.S.C. § 1915(e)(2), the undersigned now **RECOMMENDS** that the Complaint be **DISMISSED WITHOUT PREJUDICE** for failure to establish subject matter jurisdiction. The undersigned further **RECOMMENDS** that Plaintiff's related motion to proceed *in forma pauperis* [ECF No. 2] be **DENIED** and that all matters be **REMANDED** to state court.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The Complaint reflects Plaintiff's attempt to remove both several juvenile abuse and neglect proceedings[1] from the Circuit Court of Monongalia County, West Virginia (which is located in the Northern District of West Virginia) to this Court. Plaintiff recently (and

---

[1] In prior attempts to remove state court matters, summarized below, Plaintiff also has attempted to remove a state <u>criminal</u> matter involving felony charges. However, it does not appear that Plaintiff is attempting to remove any state criminal matter in the instant proceeding.

1

unsuccessfully) attempted to remove these matters to this Court, as reflected in the matters bearing Case No. 1:23-CV-42 and Case No. 1:23-CV-85. In those prior matters, the undersigned United States Magistrate Judge recommended that the claims therein be dismissed and that matters therein be remanded. The presiding District Judge therein, the Hon. Thomas S. Kleeh, Chief United States District Judge, entered an order on October 10, 2023 in Case No. 1:23-CV-42 adopting the undersigned's Report and Recommendation, thus dismissing and remanding the matter. Similarly, Judge Kleeh entered an Order on December 15, 2023 in Case No. 1:23-CV-85 adopting the undersigned's Report and Recommendation therein and dismissing and remanding the matter. Thus, the undersigned's summary, review, analysis, conclusions, recommendations, and narrative herein are the same or similar to those set forth in the prior matters.

Finally, in conjunction with the Complaint herein, Plaintiff filed a *pro se* Motion for Leave to Proceed *in forma pauperis* including an Application to Proceed Without Prepayment of Fees and Affidavit. [ECF No. 3].

On December 18, 2023, Judge Kleeh entered a Referral Order [ECF No. 6], referring the instant matter to the undersigned in order "to conduct a scheduling conference and issue a scheduling order, for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise."

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1915(e)(2)(B), where a plaintiff is seeking to proceed without the prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

This screening is generally conducted prior to ruling upon the Motion for Leave to Proceed *in forma pauperis* and Application to Proceed Without Prepayment of Fees and Costs and before service of process. See Portee v. United States Dep't of Agric., No. 2:15-CV-13928, 2016 WL 4962727, at *2 (S.D.W. Va. July 14, 2016) (Tinsley, J.), *report and recommendation adopted*, No. 2:15-CV-13928, 2016 WL 4942023 (S.D.W. Va. Sept. 15, 2016) (Johnston, J.). The purpose of this statute is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. See also Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (initial screenings required because § 1915 removed the "economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.") (internal citations omitted); Whitehead v. Paramount Pictures Corp., No. 1:08CV792, 2009 WL 1565639, at *4 (E.D. Va. May 28, 2009), *aff'd in part sub nom.* Whitehead v. Paramount Pictures, Inc., 366 F. App'x 457 (4th Cir. 2010) (upholding dismissal). Thus, while 28 U.S.C. § 1915(e)(2)(B) speaks specifically to review as to *pro se* litigants who are prisoners, the Court may conduct such a screening regardless of whether a *pro se* litigant is a prisoner.

Relatedly, the undersigned of course is mindful of Plaintiff's *pro se* status in this context. Because Plaintiff is proceeding *pro se*, the Court must liberally construe the pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to

state a valid claim on which a plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. SUMMARY OF CLAIMS IN COMPLAINT

Plaintiff attempts to remove four juvenile abuse and neglect proceedings from state court. [ECF No. 1]. It appears that, in the underlying abuse and neglect proceedings, the custody of Plaintiff's biological children was awarded to his children's respective biological mothers, pursuant to findings of child abuse and neglect. Plaintiff characterizes these custody awards as the "kidnapping" of the children [ECF No. 1, at 4], and asserts other allegations involving acts such as treason, child abuse, child neglect, child sexual abuse, murder. Id. He also asserts a host of constitutional claims such as denial of due process and equal protection. Id. He seeks to litigate all of these matters in this Court. Plaintiff bases his attempted removal on a series of jurisdiction statutes, including 28 U.S.C. §§ 1331, 1441, 1443, and 1455. [ECF No. 1].

As to the juvenile abuse and neglect proceedings, the relief which Plaintiff seeks is not entirely clear, although it stands to reason that he wishes to adjudicate those actions on their merits.

### IV. ANALYSIS

The Complaint [ECF No. 1] contains **no** factual allegations as a basis for the Plaintiff's claims which would establish jurisdiction in this Court and allow this Court to grant relief. Nor does Plaintiff set forth in the Complaint the necessary legal grounds establishing jurisdiction in this Court which would entitle him to any relief.

4

### A. Federal courts are courts of limited jurisdiction, and Plaintiff has not shown that this Court has jurisdiction.

As a threshold matter, the Court must determine whether it has subject matter jurisdiction to consider the issues raised in the Complaint. Federal courts are not courts of general jurisdiction and may only act pursuant to the power granted to them by Article III of the Constitution and acts of Congress. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). Accordingly, federal courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Only a well-pleaded complaint gives rise to such "federal question" jurisdiction, and jurisdiction cannot be based on defenses or counterclaims. Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152-153 (1908). Additionally, federal courts may also hear cases that meet the requirements of "diversity" jurisdiction, outlined in 28 U.S.C. § 1332. In either type of case (federal question or diversity), a party may remove a case to federal court only when subject matter jurisdiction exists, as well. Ultimately, the removing party has the burden to prove that the federal court has jurisdiction over the case to be removed. Mayor of Balt. v. BP P.L.C., 31 F.4th 178, 197 (4th Cir. 2022).

Here, Plaintiff asserts that this Court has subject matter jurisdiction pursuant to federal question jurisdiction.[2] [ECF No. 1, at 2]. He further asserts that this Court has subject matter jurisdiction pursuant to federal question jurisdiction and the jurisdiction provisions available under 28 U.S.C. §§ 1443 (civil rights cases). [ECF No. 1, at 2]. Plaintiff also invokes 18 U.S.C. § 242 (criminal code regarding deprivation of rights under color of law) and 42 U.S.C. § 670 (the Adoption Assistance and Child Welfare Act). In scattershot and inconclusive fashion, Plaintiff also cites to a number of other federal statutes, constitutional provisions, and poorly-articulated legal

---

[2] Plaintiff also cites 28 U.S.C. § 1441 as a basis for removal, which is a statute that merely outlines procedures related to removal of a civil case and is not, standing alone, a valid basis for removal.

principles as a basis for jurisdiction, but does not explain their supposed applicability in any sensical fashion. Thus, the undersigned does not parse through them all. In any event, as outlined below, Plaintiff has not carried his burden of showing that this Court has jurisdiction over these claims.

      **B.    Plaintiff does not demonstrate subject matter jurisdiction as to the juvenile abuse and neglect matters, and thus those proceedings cannot be removed.**

Plaintiff's attempt to remove the state juvenile abuse and neglect proceedings under federal question jurisdiction is without merit. Issues pertaining to matters such as child custody and child abuse and neglect are directly within the purview of a state government's powers. The state "has a legitimate interest in protecting children from neglect and abuse and in investigating situations that may give rise to such neglect and abuse." Martin v. Saint Mary's Dep't Soc. Servs., 346 F.3d 502, 506 (4th Cir. 2003).

Here, Plaintiff essentially seeks federal review of a state court's decision regarding matters squarely and solely within that state court's jurisdiction. This is a form of review Plaintiff may not obtain. Plaintiff's various claims regarding constitutional violations in this matter are of no moment; they do not give rise to federal question jurisdiction, as the underlying cause of action here is predicated on state law and there is no federal interest in this case. See American Well Works Co. v. Layne, 241 U.S. 257, 259-260 (1916); Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). And in matters of child custody specifically, federal courts have long been leery of intervening. See generally Doe v. Doe, 660 F.2d 101 (4th Cir. 1981).

Additionally, Plaintiff relies on 28 U.S.C. § 1443 [ECF No. 1, at 2], but it is not a valid basis for removal in this case. This statute allows for the removal of criminal and civil cases commenced in state courts when a law providing for the equal civil rights of individuals is denied or cannot be enforced in that state's court. Specifically, the statute provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

This statute applies "only to rights that are granted in terms of [racial] equality and not to the whole gamut of constitutional rights." Georgia v. Rachel, 384 U.S. 780, 792 (1966) (citation and quotation omitted). Rights that inhere in every citizen under the United States Constitution are not rights "arising under a law providing for 'equal civil rights'" under Section 1443. Greenwood v. Peacock, 384 U.S. 808, 825 (1966). For example, "broad contentions under the First Amendment and the Due Process of the Fourteenth Amendment" are applicable to all citizens, and therefore, cannot support removal under Section 1443. Rachel, 394 U.S. at 792.

To successfully remove a matter to federal court under 28 U.S.C. § 1443(1), a party seeking removal must satisfy a two-prong test. Rachel, 384 U.S. at 788. First, that party must prove the rights allegedly denied to them arise under a federal law providing for specific civil rights stated in terms of racial equality. Id. Second, a party must also prove they have been denied or cannot enforce the specific civil rights in state court. Id. To successfully establish removal under 28 U.S.C. § 1443(2), the party removing the action from state court must be either a federal officer or a person assisting a federal officer in the performance of their official duties. Greenwood, 384 U.S. at 816.

In the instant case, Plaintiff has not satisfied the requirements for removal under either subsection (1) or subsection (2) of the statute. First, as to subsection (1), Plaintiff has not alleged that any of his civil rights stated in terms of racial equality have been violated, nor has he made any demonstration that he has been denied or cannot enforce specific civil rights regarding racial equality in state court. Plaintiff's grievances are wide-ranging: from allegations of ineffective assistance of counsel to the mishandling of matters by state court officials. However, Plaintiff has not specified how civil rights laws pertaining to racial equality are implicated in such a way that this removal statute applies. Secondly, as to subsection (2), Plaintiff has not in any way alleged that he is a federal officer, nor is he asserting that he is assisting a federal officer in the performance of their duties. Simply put, then, Plaintiff has not satisfied the requirements under any provision of 28 U.S.C. § 1443 to remove his case to federal court.

Therefore, Plaintiff's Complaint and associated materials filed with it, and the information detailed therein, do not satisfy the burden to show that removal of the juvenile abuse and neglect proceedings to federal court is proper.

In sum, Plaintiff fails to meet his burden of satisfying a basis for removal, in that he fails to establish that subject matter jurisdiction lies herein, given the substance of the matter raised. After all, federal "removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand." Councell v. Homer Laughlin China Co., 823 F.Supp.2d 370, 375 (N.D.W. Va. 2011) (citing Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994)).

Accordingly, the undersigned **FINDS** that Plaintiff has not demonstrated that subject matter jurisdiction lies herein for the juvenile abuse and neglect matters, and **RECOMMENDS**

8

that those matters be **REMANDED** and the Complaint be **DISMISSED WITHOUT PREJUDICE**.

      **C.**      **Plaintiff's reliance on certain provisions of the federal code does not salvage his Complaint.**

On a separate note, Plaintiff cites to 18 U.S.C. § 242 in support of his claims. [ECF No. 1, at 1]. However, it is not clear how the citation to this statute supports his arguments as to the juvenile abuse and neglect proceedings (or some other poorly-articulated claim altogether). In any case, what is clear is that this is a federal statute which provides for federal <u>criminal</u> liability. Plaintiff makes no cognizable argument about how he can obtain <u>civil</u> relief in this context pursuant to this <u>criminal</u> statute. To put it plainly, Plaintiff's citation to this statute does nothing to help him establish jurisdiction herein.

Relatedly, Plaintiff invokes 42 U.S.C. § 670 <u>et seq</u>. This is the statutory scheme by which the Adoption Assistance and Child Welfare Act is codified. However, in no fashion does Plaintiff demonstrate how that Act provides an avenue for him to remove a state's child abuse and neglect proceedings to federal court. Thus, Plaintiff's invocation of that Act likewise does nothing to help him establish jurisdiction here.

Accordingly, the undersigned **FINDS** that Plaintiff's invocation of federal law otherwise does not salvage the Complaint, and thus **RECOMMENDS** that the Complaint be **DISMISSED WITHOUT PREJUDICE**.

      **D.**      **Plaintiff's Request to Proceed *in forma pauperis* should be denied.**

As indicated above, the undersigned **FINDS** that Plaintiff fails to show that the Court has jurisdiction of any matter which Plaintiff seeks to remove to this Court. Thus, after performing an initial screening pursuant to 28 U.S.C. § 1915(e)(2), the undersigned **RECOMMENDS** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 3] be **DENIED**.

## V. RECOMMENDATIONS AND CONCLUSION

For the abovementioned reasons, the undersigned **FINDS** that the Complaint [ECF No. 1] sets forth no basis for the Court's subject matter jurisdiction. Accordingly, the undersigned respectfully **RECOMMENDS** that Plaintiff's Complaint, filed in *forma pauperis* [ECF No. 1], be **DISMISSED WITHOUT PREJUDICE** after review and screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Further, the undersigned **RECOMMENDS** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] be **DENIED**. Finally, the undersigned **RECOMMENDS** that the matter be **REMANDED** to state court for disposition of all proceedings at issue.

Any party shall have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to send a copy of this Report and Recommendation to counsel of record as provided in the Administrative Procedures for Electronic

Case Filing in the United States District Court for the Northern District of West Virginia, and to *pro se* Plaintiff by certified mail, return receipt requested.

    **DATED**: December 18, 2023.

 

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE